PATRICK W. O'BRIEN V. FRED PARSONS.

FILED NOVEMBER 18, 1896.   No. 6868.

Review: ASSUMPSIT: EVIDENCE. No question of law is presented by this record. Instructions examined, and *held* to properly state the issues; and evidence examined and *held* to sustain the verdict.

ERROR from the district court of Dawson county. Tried below before HOLCOMB, J.

*G. W. Fox,* for plaintiff in error.

*George C. Gillan* and *Warrington & Stewart, contra.*

IRVINE, C.

Parsons recovered a judgment against O'Brien in the sum of $221.42 for personal services rendered. It stood admitted upon the pleadings that Parsons had been in the employ of O'Brien, and the only issues made were as to the time devoted to such employment and the reasonable value of the services. Some complaint is made of the instructions on the ground that they do not properly submit the former issue, and call the attention of the jury only to the question of the value of services. We need not set out the instructions at length. In the third the jury was told that the burden was upon the plaintiff to establish the services rendered and the reasonable value of the same; and in the fourth, to ascertain from the evidence what services were performed, and then the reasonable and fair value of the services rendered. This was sufficiently explicit, and no more definite instructions were requested. It is also claimed that the use of the word "fair" in the direction to the jury to find the reasonable and fair value was misleading, but we cannot see in what respect. The phrase is one frequently used in such cases.

In the brief, objection is made to one ruling on the evi-

dence.   The propriety of this ruling is not, however, pre-
sented by any assignment in the petition in error.

It is assigned that the verdict is not sustained by the
evidence.   The evidence was conflicting on both issues.
It was sufficient to sustain a verdict for a larger amount.
Indeed, the argument is that if plaintiff's witnesses were
believed the verdict should have been larger, and if de-
fendant's witnesses were believed it should have been
less; and that, therefore, the jury did not base its verdict
upon the evidence.   The verdict may in this respect have
been something of a compromise; but the defendant can-
not complain because the finding was too low.   We think
it was one fairly warranted by the evidence.

AFFIRMED.